**In the Matter of O.A., Y.A., and M.M.**

**Appeal of G.A.O.**

**No. 85-1717.**

District of Columbia Court of Appeals.

Submitted July 6, 1988.

Decided July 8, 1988.*

Mary Pat Toups, Washington, D.C., appointed by the court, for respondents O.A., Y.A., and M.M.

Thomas C. Devlin, Washington, D.C., appointed by the court, for appellant.

Frederick D. Cooke, Jr., Corp. Counsel, with whom Charles L. Reischel, Deputy Corp. Counsel, Lutz Alexander Prager, Asst. Deputy Corp. Counsel, and Mary L. Wilson, Asst. Corp. Counsel, Washington, D.C., were on the brief, for the District of Columbia, appellee.

Before PRYOR, Chief Judge, and FERREN and STEADMAN, Associate Judges.

FERREN, Associate Judge:

This case presents the question whether the expiration of a trial court order committing neglected children to the care and custody of the Department of Human Services (D.H.S.) prevents the court thereafter from exercising jurisdiction to continue the children's commitment *nunc pro tunc* to the date of expiration.

Appellant G.A.O. is the mother of O.A., Y.A., and M.M., all minor children. The children were adjudicated neglected in 1976 and committed to the care and custody of D.H.S. for a period not to exceed two years, pursuant to D.C.Code § 16–2320 (1981). Since that time, the commitment has been extended at one year intervals, pursuant to D.C.Code § 16–2322 (1981). On April 25, 1984, the previous order of commitment, which ran through July 1, 1984, was extended to July 1, 1985. The trial court scheduled interim, *ex parte* reviews of that order for June 25, 1984 and January 26, 1985. Upon each review, the court issued orders continuing the commitment "pursuant to prior orders." In its order dated February 6, 1985, continuing

---

\* The decision in this case was originally released as a Memorandum Opinion and Judgment on July 8, 1988. It is now being published by direction of the court.

the July 1, 1984 commitment, the court set another *ex parte* review for August 8, 1985. Upon motion of the government dated August 6, 1985, the court, after a hearing on August 14, 1985, continued the commitment, *nunc pro tunc* to July 1, 1985, for an additional year until July 1, 1986. Appellant and her counsel, however, missed the August 14 hearing because of a miscommunication regarding scheduling. Upon learning of the trial court's order, appellant moved for reconsideration on the ground that the court lacked jurisdiction to enter an order reinstating the commitment, *nunc pro tunc* to July 1985, for an additional year. The trial court scheduled a hearing on appellant's motion for November 15, 1985, and on December 2, 1985, entered an order reaffirming its order of August 14. G.A.O. noted this appeal.

Appellant G.A.O. now contends the trial court lacked jurisdiction to enter an order extending the commitment, since the existing commitment had expired before the filing of the government's motion. She contends, moreover, that the trial court erred in entering its August order *nunc pro tunc* to July 1. We conclude the court was within its jurisdiction in entering the August 1985 order and that any error in entering the order *nunc pro tunc* was harmless. Accordingly, we affirm.

### I.

Neglect proceedings in the Family Division of the Superior Court are governed by Title 16, Chapter 23 of the District of Columbia Code. D.C.Code § 16–2322 (1981) sets forth certain limitations on the duration of dispositional orders relating to the custody of minor children. Subsection (a)(1) of that section provides that a dispositional order vesting custody of a child in an agency, such as the Department of Human Services, shall remain in force for a period not to exceed two years. Subsection (b) provides that such a dispositional order may, however, be extended for additional periods of one year, upon motion of the agency to which the child has been commit-

ted, after notice and hearing, if the court finds that the extension is necessary to safeguard the welfare of the child. Section 16–2323 provides for periodic interim review of dispositional orders by the court, with notice to the parties and their attorneys.

Appellant argues that, once the existing order extending the commitment expired, the court lost jurisdiction to enter any further order of extension. Consequently, appellant argues, the trial court lacked authority to act on the government's August 1985 motion and erred in extending the commitment with respect to O.A., Y.A., and M.M. *nunc pro tunc* to July 1, 1985, since it was without jurisdiction over the case during that period of time.

### II.

We begin by observing that the children apparently remained in the custody of D.H.S. during the period from July 1, 1985, until the trial court entered its order on August 14, 1985, reaffirming the status quo. This is not a situation, therefore, where the children had been restored to the custody of a parent and the government sought to have the children recommitted to D.H.S. Rather, the children here remained in the custody of D.H.S. at all times. The August 14, 1985 order thus served merely to give judicial approval to the existing custody arrangement.

■ Section 16–2322, while providing that the commitment may be extended for one year intervals upon motion of the agency, specifies no particular time within which the government's motion for extension of the commitment must be filed. Thus, the motion is not necessarily time-barred merely because filed after expiration of the existing order. Where, as here, the children remain in the ongoing physical custody of the agency, and the parent has not challenged that arrangement, we perceive no injustice in permitting the court to entertain the government's motion to continue the status quo.[1] The trial court,

---

1. We need not, and do not, decide how the trial court should treat a motion by the government

to extend a commitment where the existing commitment has expired and the parent has, in

moreover, necessarily retains jurisdiction over the custody of the children as long as the underlying neglect petition has not been finally resolved, either by restoration of physical custody of the children to the parent or by termination of the parent's rights in the children altogether. To hold otherwise would leave the untenable possibility that, once an existing commitment was allowed to expire—whether through inadvertence or neglect—custody of the children would be left in limbo or, worse yet, would revert automatically to the allegedly neglectful parent without any judicial evaluation of the environment into which the children would be returned. As appellant candidly acknowledges in her brief, the statutory scheme providing for ongoing judicial oversight of commitments affecting neglected children was enacted expressly "to end the situation in which a child is, after the original disposition, 'lost' insofar as the court is concerned...." *Anti–Crime Proposals: Supplement to Hearings on H.R. 14224 and H.R. 14189 Before Subcomm. No. 3 of the House Comm. on the District of Columbia,* 99th Cong., 2d Sess. 36 (1970) (statement of Donald E. Santarelli, Associate Deputy Attorney General). We conclude, therefore, that the trial court retained jurisdiction to determine who should have custody of these children notwithstanding that the existing commitment order had been permitted to expire.

### III.

■ The question remains, however, whether the trial court properly entered its order *nunc pro tunc* to July 1, 1985. We conclude that, even if the trial court erred in so doing, the error, if any, was harmless. In light of the analysis set forth above, the trial court clearly was not required, for jurisdictional purposes, to enter its order *nunc pro tunc,* since it had continuing jurisdiction to deal with the issue of custo-

the interim, raised a timely objection to continued custody of the children by D.H.S.

1. The decision in this case was originally released as a Memorandum Opinion and Judgment. The court has granted appellee's request for publication. In preparing the opinion for

dy. The order did, nonetheless, provide judicial recognition of the status quo as it existed, without objection by appellant, during the period from July 1 to August 14, 1985. The trial court simply formalized its approval of the ongoing custody of the children by D.H.S. by backdating the order to the date on which the existing custody order expired. The order, *nunc pro tunc,* did no more than ratify the de facto custody arrangement that existed during that time. Therefore, even if error, the entry of the order *nunc pro tunc* did no harm.

AFFIRMED.